NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-2962
_____

In re: KENNETH JAMES ROSELLINI,
                            Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 8:23-cv-02710)
Chief District Judge: Hon. Renée Marie Bumb
_____

Submitted Under Third Circuit LAR 34.1(a)
May 14, 2026
_____

Before: SHWARTZ, MASCOTT, and McKEE, Circuit Judges.

(Filed: May 14, 2026)
_____

OPINION*
_____

SHWARTZ, Circuit Judge.

Attorney Kenneth Rosellini appeals the District Court's order imposing reciprocal

discipline and temporarily suspending him from the practice of law. For the following

reasons, we will affirm.

_____

* This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7,
does not constitute binding precedent.

I

The District XI Ethics Committee filed a formal ethics complaint with the Supreme Court of New Jersey's Disciplinary Review Board ("DRB") against Rosellini for his failure to comply with state-court orders requiring him to pay attorney's fees based on a finding that he filed frivolous motions in a decades-old divorce proceeding, in violation of the New Jersey Rules of Professional Conduct ("RPC") governing lawyers After motion practice and a hearing, a DRB hearing panel found that Rosellini (1) admitted that he had refused to comply with the court orders, but (2) argued that his refusal to comply was justified because the orders were based on fraud upon the court.[1] In a split decision, the hearing panel concluded that Rosellini had not violated RPC 3.4(c) (for knowingly disobeying an obligation under the rules of a tribunal) or 8.4(d) (for engaging in conduct prejudicial to the administration of justice) because his continued pursuit of his fraud claims in federal court demonstrated that his conduct was not frivolous. The dissenter concluded that Rosellini failed to comply with RPC 3.4(c) and 8.4(d) and that Rosellini's conduct reflected that he had difficulty accepting decisions he did not agree with.

---

[1] The New Jersey Superior Court Appellate Division rejected Rosellini's fraud-on-the-court argument, affirmed the sanctions order, and assessed additional fees against Rosellini after it denied his motion for reconsideration. The New Jersey Supreme Court denied Rosellini's petition for certification.

Rosellini again raised the fraud-on-the-court argument in a federal complaint filed in the United States District Court for the District of New Jersey.

The DRB adopted the dissenter's view and determined that Rosellini had violated RPC 3.4(c) and 8.4(d), and the New Jersey Supreme Court temporarily suspended Rosellini from the practice of law and subsequently denied his petition for review.

The District Court received notice of the suspension and issued an order directing Rosellini to show cause why the imposition of reciprocal discipline would be unwarranted pursuant to the District of New Jersey Local Civil Rule 104.1(b), and Rosellini filed a response.  The District Court found good cause to impose reciprocal discipline.

Rosellini appeals.

## II[2]

"[O]ur role in reviewing the district court's action" imposing reciprocal discipline is "extremely limited."  In re Surrick, 338 F.3d 224, 232 (3d Cir. 2003) (quoting Matter of Abrams, 521 F.2d 1094, 1101 (3d Cir. 1975)).  A federal court may impose reciprocal discipline after "examin[ing] the state proceeding for consistency with the requirements of due process, adequacy of proof and absence of any indication that imposing [reciprocal] discipline would result in grave injustice."  Id. at 231 (quoting In re Jacobs, 44 F.3d 84, 88 (2d Cir. 1994) (citing Selling v. Radford, 243 U.S. 46, 51 (1917)).  The

---

[2] The District Court exercised jurisdiction pursuant to its "inherent authority to set requirements for admission to its bar and to discipline attorneys who appear before it."  In re Surrick, 338 F.3d 224, 229 (3d Cir. 2003).  We have jurisdiction to review the District Court's order pursuant to 28 U.S.C. § 1291.  We review a district court's finding of attorney misconduct and imposition of sanctions for abuse of discretion.  See Adams v. Ford Motor Co., 653 F.3d 299, 303-04 (3d Cir. 2011) (citing In re Mitchell, 901 F.2d 1179, 1183 (3d Cir. 1990); Matter of Abrams, 521 F.2d at 1099).

United States District Court for the District of New Jersey's Local Civil Rule 104.1(b)(4)

provides:

> [T]his Court shall impose the identical discipline unless the respondent-attorney ("respondent") demonstrates or this Court finds that, upon the face of the record upon which the discipline in another jurisdiction is predicated, it clearly appears:
> (A) that the procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or
> (B) that there was such an infirmity of proof establishing the misconduct as to give rise to the clear conviction that this Court could not, consistent with its duty, accept as final the conclusion on that subject; or
> (C) that the imposition of the same discipline by this Court would result in grave injustice; or
> (D) that the misconduct established is deemed by this Court to warrant substantially different discipline.

D. N.J. Loc. Civ. R. 104.1(b)(4). "[A]ttorneys subject to reciprocal discipline in federal

court bear the burden of demonstrating, 'by clear and convincing evidence, that one of

[these] elements precludes reciprocal discipline.'" Id. at 232 (quoting In re Kramer, 282

F.3d 721, 724-25 (9th Cir. 2002)).

Rosellini fails to carry this burden. Rosellini does not assert that DRB failed to

comply with due process, nor does he dispute that he failed to comply with the state-court

orders, which is the basis for the discipline. He seems to challenge only the propriety of

the sanctions orders themselves by collaterally attacking them within this proceeding.

The record demonstrates that multiple courts have considered and rejected his argument

that the orders were invalid to the extent they were based on fraud. His disagreement

with those affirmed rulings does not justify his noncompliance with the sanctions orders.

Furthermore, Rosellini has not shown this is a proper forum for such an attack. Even if it were, Rosellini admitted that he failed to comply with the court orders and had an opportunity to present his arguments challenging the orders before the appropriate tribunals. Therefore, we cannot say that the New Jersey Supreme Court relied on inadequate proof or violated due process by temporarily suspending Rosellini from the practice of law. See Mathews v. Eldridge, 424 U.S. 319, 333 (1976) (explaining requirements of procedural due process).

Rosellini's remaining arguments—that it was improper for the Chief Judge of the District Court to enter the order imposing reciprocal discipline when (1) the case had been assigned to a different district judge, and (2) the Chief Judge had engaged in improper ex parte communications—are unavailing. First, Rosellini was on notice of the Chief Judge's involvement in this matter because the Local Rules provide for the Chief Judge's participation in the imposition of reciprocal discipline. See L. Civ. R. 104.1(b) (requiring attorneys to "inform the . . . Chief Judge" of public discipline and requiring the imposition of "identical discipline" when certain circumstances are present). Second, nothing in the record substantiates Rosellini's conclusory allegations that the Chief Judge was biased against him or was involved in any ex parte communications. Accordingly, the District Court did not abuse its discretion by imposing reciprocal discipline. Cf. In re Surrick, 338 F.3d at 232 (explaining that "attorneys subject to reciprocal discipline in federal court" have "no entitlement to a de novo trial before the District Court").

### III

For the foregoing reasons, we will affirm.

5